IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY DOUGLAS WHITE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 18-cv-00387-RAW-KEW ) |
| DAVID LOUTHAN, JR., WARDEN, | ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Tony Douglas White's 28 U.S.C. §2254 Petition for Writ of Habeas Corpus (Dkt. 1). Petitioner is a state inmate appearing pro se. He attacks his conviction in Sequoyah County District Court Case No. CF2015-235 for one count of Assault and Battery with a Deadly Weapon after former conviction of a felony in violation of 21 O.S. 652, raising the following two grounds for relief:

I. The trial court failed to properly document his waiver of jury trial.

II. Petitioner was incompetent to stand trial.

Respondent concedes that Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and that Petitioner brought his claim timely (Dkt. 9 at 2). The following records have been submitted to the Court for consideration in this matter:

A. Petitioner's direct appeal brief. (Dkt. 9-1).

B. The State's brief in Petitioner's direct appeal. (Dkt. 9-2).

C. The State's Motion to Supplement Record on Appeal. (Dkt. 9-3).

D. Petitioner's Objection to Motion to the State's Motion to Supplement Record on Appeal. (Dkt. 9-4).

E. Petitioner's reply brief on direct appeal. (Dkt. 9-5).

    F.   The Oklahoma Court of Criminal Appeals' (OCCA) Order remanding the case for evidentiary hearing. (Dkt. 9-6).

    G.   The OCCA's amended order remanding case for evidentiary hearing. (Dkt. 9-7).

    H.   The trial court's findings of fact and conclusions of law regarding the OCCA's order for evidentiary hearing. (Dkt. 9-8).

    I.   Petitioner's supplemental brief on direct appeal. (Dkt. 9-9).

    J.   The OCCA's Summary Opinion affirming petitioner's Judgment and Sentence. (Dkt. 9-10).

    K.   Original Record, state-court transcripts, and exhibits. (Dkt. 10).

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

**Facts**

The State of Oklahoma charged Petitioner, in Sequoyah County Case No. CF-2015-235, with one count of Assault and Battery with a Deadly Weapon after former conviction of a felony in violation of 21 O.S. § 652 (Dkt. 9-10; Dkt. 1). Petitioner, represented by counsel, proceeded to a non-jury trial, where he was found guilty of the charged offense (Dkt. 9-10).

Petitioner, again represented by counsel, appealed his conviction on the grounds he had not knowing and voluntarily waived his right to a jury trial[1] and that he was not competent to stand trial (Dkt. 1). The Oklahoma Court of Criminal Appeals (OCCA) denied Petitioner's claims (Dkt. 9-10), and Petitioner now appeals to this Court for a writ of habeas corpus on the same grounds (Dkt. 1).

**Ground I: Failure to Document Petitioner's Waiver of Jury Trial**

Petitioner argued on direct appeal that his Sixth Amendment rights were violated, because he did not knowingly or voluntarily waive his right to a jury trial. (Dkt. 9-1 at 5). On direct appeal, Petitioner contended "because no adequate waiver of a right to a trial by jury appears in the record, Mr. White's conviction must be reversed and remanded for a new trial." (Dkt. 9-1 at 9). The OCCA ordered the trial court to conduct an evidentiary hearing on this matter to determine whether Petitioner had waived his right to jury trial (Dkt. 9-6).

The trial court conducted its evidentiary hearing and found that "White was advised of his constitutional rights by Judge Waters, White waived his constitutional rights to a jury trial on January 11, 2016, that no stenographic record was made of White's jury trial waiver, that White was competent, and that White had a bench trial on October 18, 2016" (Dkt. 9-10 at 3). The OCCA concluded "[t]he appeal record in this matter now contains positive proof of White's waiver of his right to jury trial as evidenced by the supplemental record on appeal. We therefore reject White's first claim." *Id*.

"The Sixth Amendment as incorporated by the Fourteenth Amendment guarantees the right of a trial by jury in all state criminal cases." *Goss v. Nelson*, 439 F.3d 621, 627 (10th Cir. 2006) (citing *Duncan v. Louisiana*, 391 U.S. 145, 150 (1968)). This right, like others, may be waived.

---

[1] Petitioner raises this claim as "improper documentation to a non-jury trial." (Dkt. 1 at 2).

*See, e.g., United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011). To waive this right, "the record must show, or there must be an allegation and evidence which show" the waiver was intelligent and understandable. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (citations omitted). "Presuming waiver from a silent record is impermissible." *Id*. While the *Boykin* Court addressed the issue of voluntariness of waiving one's guilty plea, it was an expansion on the matter of a required record for the waiver of a Sixth Amendment right. *See Carnley v. Cochran*, 369 U.S. 506, 516 (1962). The *Carnley* Court held a record and/or evidence is necessary to find one voluntarily and knowingly waived the right to counsel. *Id*. The *Boykin* Court expanded this rationale to another Sixth Amendment right to require a record when on voluntarily enters a guilty plea. *Boykin v. Alabama*, 395 U.S. at 242.

In *Griggs v. Ray*[2], the Court addressed the issue of a silent record regarding a waiver of jury trial. *Griggs v. Ray*, 118 F. App'x 381, 383 (10th Cir. 2004) (unpublished). The Court held "[n]either . . . an oral colloquy, nor any other particular form of waiver, is required for a valid waiver [of a jury trial] as a matter of federal constitutional law." *Id*. (citing to *Fitzgerald v. Withrow,* 292 F.3d 500, 504 (6th Cir.2002)). Subsequently, the Court found that a minute entry, signed by Mr. Griggs and his attorney, was sufficient evidence, and the OCCA was correct in denying Mr. Griggs habeas relief. *Id*.

While the absence of a transcript of the January 11, 2016, hearing is concerning, its absence is not dispositive. The record reflects that a court minute entry on January 11, 2016, noted "DEFENDANT WAIVES JT. SET FOR NON JURY TRIAL BEFORE JUDGE WATERS" (Dkt. 10-5 at 2). The record also reflects that an evidentiary hearing was held on this matter on January

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A). This Court also notes our sister court to the north has relied on Griggs in *Winn v. Cook*, No. 18-CV-0382-JED-JFJ, 2019 WL 138168, at *6 (N.D. Okla. Jan. 8, 2019).

19, 2018, wherein Judge Waters made it clear he met with Petitioner and his counsel, that Petitioner appeared to understand his rights, and that Petitioner wished to waive those rights (Dkt. 10-4 at 4:15-18, 6:14-16) ("we [Judge Waters] discussed him waiving jury trial, and through Mr. Hickman he appeared to understand his right to a jury trial and wanted to waive that right." "I spoke with Mr. Hickman . . . and Mr. White at the same time, and Mr. White seemed to acknowledge all those rights and wanted to move forward with a bench trial."). Petitioner's defense counsel, Mr. Hickman, testified to the same in even more specific detail (Dkt. 10-4 at 9:14-20) ("[W]e were in courtroom three, I was there with my client at counsel table. Stacey Slaughter was there and Judge Waters was on the Bench. . . . my client informed me that he wanted to waive his right to jury trial and do a non-jury trial. . . . I announced to Judge Waters, who was sittin' on the Bench, we're waiving jury, he wants a non-jury trial.").

The Court finds, even without a transcript of the January 11, 2016, hearing, the record sufficiently demonstrates that Petitioner's "waiver was competent, knowing and intelligently given." *Kerr v. State*, 1987 OK CR 136, 738 P.2d 1370, 1372. Because the record supports the OCCS's factual finding a sufficient record was generated, this Court must accept these findings as true, unless the factual findings are unreasonable or not supported by the record. 28 U.S.C. §2254(e)(1); *Gilson v. Sirmons*, 520 F.3d 1196, 1223 (10th Cir. 2008) ("On federal habeas review, we must presume the OCCA's factual determinations are correct and such a presumption may only be rebutted by clear and convincing evidence to the contrary. Unless the OCCA's factual determinations are shown to be clearly wrong and objectively unreasonable, we may not overturn them on federal habeas review.") (internal citations omitted). Further, because the OCCA applied the correct standard of review – i.e. some evidence or record must demonstrate the waiver of a jury trial – the Court finds the OCCA's conclusion that Petitioner waived his right to jury trial did not

5

"involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States." 28 U.S.C. § 2254(d)(1). Nor is the OCCA's decision "based on an unreasonable determination of the facts" in light of the record presented to the state court, 28 U.S.C. § 2254(d)(2).

Petitioner's claim related to the waiver of jury trial is DENIED.

**Ground II: Competency to Stand Trial**

Petitioner next raises issue with his competency to stand trial (Dkt. 1). The Constitutional principles governing competency are rooted in due process. *United States v. Mackovich*, 209 F.3d 1227, 1231 (10th Cir. 2000). Its goals are to ensure that a defendant has capacity to understand the proceedings and to assist counsel. *Id*. (citations omitted). "Accordingly, the test for competency is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id*. at 1231-32 (internal citations and quotations omitted). When reviewing issues of competency, the Tenth Circuit has held, "Competency to stand trial is a factual determination that can be set aside only if it is clearly erroneous." *Id.* at 1232 (10th Cir. 2000) (citing *United States v. Boigegrain,* 155 F.3d 1181, 1189 (10th Cir.1998), *cert. denied,* 525 U.S. 1083 (1999)).

In *Grant v. Royal*, the Tenth Circuit upheld an OCCA's finding of competency with more disputed evidence than the case at hand. *Grant v. Royal*, 886 F.3d 874, 914 (10th Cir. 2018). In *Grant*, evidence was presented that the defendant was only competent when on his psychiatric medication. *Id*. at 914-15. During the relevant times – i.e. when the defendant stood trial – there were no records indicating the defendant either took or did not take his medication. *Id*. at 915. The Court noted that defense counsel, despite spending significant hours with the defendant, did

not raise the issue of competency. *Id*. at 914. Moreover, the chief mental-health expert, who spent many hours interviewing the defendant, attended part of the trial, and testified for the defense, did not raise issue of competency, either at the time or on reflection afterwards. *Id*. In short, the Tenth Circuit noted the lack of evidence, accompanied with the failure to act by those closest to defendant in holding the OCCA's finding of competency was not rebutted by clear and convincing evidence. *Id*. at 916.

In Petitioner's case, the record indicates Petitioner was twice evaluated for competency (Dkt. 10-5 at 35, 37-39, 109-113). Neither evaluation determined Petitioner to be incompetent. *Id*. The OCCA also noted, similar to *Grant*, that "[a]t no time during trial did White's attorney, a person who had interacted with White for months, voice any doubts about White's competency." (Dkt. 9-10 at 4). In response to this record, Petitioner does not present any evaluation by a mental health profession, nor any medical records, that would indicate a level of incompetence. Thus, the record supports the OCCA's factual findings that Petitioner was competent to stand trial (Dkt. 9-10). *See also* 28 U.S.C. §2254(e)(1); *Gilson v. Sirmons*, 520 F.3d 1196, 1223 (10th Cir. 2008) ("On federal habeas review, we must presume the OCCA's factual determinations are correct and such a presumption may only be rebutted by clear and convincing evidence to the contrary. Unless the OCCA's factual determinations are shown to be clearly wrong and objectively unreasonable, we may not overturn them on federal habeas review.") (internal citations omitted).

Because the OCCA's findings of competency are supported by the record, the Court holds that the OCCA's finding of competency did not "involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States." 28 U.S.C. § 2254(d)(1). Nor is the OCCA's decision "based on an unreasonable determination of the facts" in light of the record presented to the state court, 28 U.S.C. § 2254(d)(2).

7

Petitioner's claims related to his competency to stand trial are denied.

**Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, requires "[t]he district court [to] . . .issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court rejects the merits a petitioner's constitutional claims, he must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  For the reasons discussed above, Petitioner has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

**ACCORDINGLY,** Petitioner's petition for writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 4th day of March, 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma